**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 17-cv-80489-BLOOM/Brannon

MICHAEL MELILLO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Movant Michael Melillo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, ECF No. [1], filed on April 18, 2017 ("Motion"). On March 12, 2018, Magistrate Judge Hopkins issued a Report and Recommendations ("R&R"), recommending that the Motion be denied. ECF No. [13]. Movant filed timely objections. Objs., ECF No. [16].

The Court has conducted a *de novo* review of the portions of the R&R to which Movant has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the R&R for clear error. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). Specifically, Movant raises seven objections: 1) Movant has made sufficient showing to warrant an evidentiary hearing in this case; 2) Judge Hopkins erroneously disputes the truth of uncontroverted statements setting forth the facts relevant to Movant's argument regarding the voluntariness of his plea; 3) the ineffective assistance of counsel at sentencing led to the mistaken decision to proceed *pro se*; 4) Judge Hopkins omits discussion of much of Movant's claim regarding access

to necessary materials; 5) the R&R relies on an unpublished decision to support the conclusion that the defects in the indictment in this case do not undermine Movant's conviction; 6) the R&R erroneously concludes that the issues of counsel's conflict of interest and Movant's lack of access to essential materials were adequately presented on appeal; and, 7) Movant objects to the conclusion that no certificate of appealability should issue in this case based upon his disagreement with the R&R's substantive conclusions.

Upon review, the objections are improper because they expand upon and reframe arguments already made and considered by Magistrate Judge Hopkins, or simply disagree with Judge Hopkins's conclusions. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). As a result, Movant's objections are due to be overruled.

Moreover, after careful consideration, the Court finds Judge Hopkins's R&R to be well-reasoned and correct. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Judge Hopkins's R&R, **ECF No. [13]**, is **ADOPTED IN FULL**;
2. The Motion, **ECF No. [1]**, is **DENIED**;
3. The Certificate of Appealability is **DENIED**;
4. Any pending motions are **DENIED AS MOOT**; and
5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record